UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA | CIVIL ACTION NO. 15-00060 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KIMYA JONES AND AGNES MOORE | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

On January 12, 2015, Plaintiff The Guardian Life Insurance Company of America ("Guardian") brought this interpleader action against Defendants Kimya Jones ("Jones") and Agnes Moore ("Moore").

Guardian served Moore with the Complaint on January 21, 2015, and with the Amended Complaint on February 24, 2015. [Doc. Nos. 7 & 12]. Jones filed an Answer to the original Complaint [Doc. No. 8] and to the Amended Complaint [Doc. No. 13]. Moore did not file an answer to the Complaint or Amended Complaint or seek an extension of time to answer.

On March 24, 2015, Guardian and Jones filed a joint motion for a consent judgment, for issuance of a permanent injunction and declaratory judgment, and for dismissal. [Doc. No. 14]. Guardian and Jones also filed a stipulation [Doc. No. 15] in support of the joint motions. The court granted the motions, issuing a permanent injunction and declaratory judgment [Doc. No. 16] and dismissing the claims against Jones [Doc. No. 17].

On March 27, 2015, Guardian filed a request for entry of default [Doc. No. 18] against Moore. The Clerk of Court entered the default on March 30, 2015. [Doc. No. 19].

On April 8, 2015, Moore, through counsel, filed a proposed Answer [Doc. No. 21].

However, the Clerk of Court then issued a Notice of Deficiency [Doc. No. 22], explaining that Moore had to file a motion to set aside the default before the deficiency would be removed.

On April 9, 2015, Moore filed the instant "Motion to Set Aside Default" [Doc. No. 23].

Rule 55(c) provides that a district court "may set aside an entry of default for good cause." As the United States Court of Appeals for the Fifth Circuit has recognized, "[w]e have adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir.2014) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir.1999)). "'This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion.'" *Id.* (quoting *Rogers*, 167 F.3d at 936) (internal quotation marks and citations omitted)).

In this case, the Court finds good cause to set aside the entry of default. Moore was acting without counsel. When notified that a default had been entered, she promptly retained counsel, attempted to file an answer, and did file the proper motion to set aside the default. Finally, the lawsuit is in the early stages of litigation, and Guardian will suffer no prejudice by the Court's decision. Accordingly,

IT IS ORDERED that Moore's Motion to Set Aside Default [Doc. No. 23] is GRANTED, and the default entered on March 30, 2015 [Doc. No. 19] is SET ASIDE.

MONROE, LOUISIANA, this 10th day of April, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE