RECEIVED

JAN 2 7 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

BY: _____

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

GUARDIAN LIFE INSURANCE
CO. OF AMERICA

CIVIL ACTION NO. 15-60

VERSUS

JUDGE ELIZABETH ERNY FOOTE

KIMYA JONES, ET AL

MAGISTRATE JUDGE HAYES

## MEMORANDUM ORDER

Before the Court is a "Motion To Dismiss And/Or For Summary Judgment," filed by Defendant Kimya Jones ("Jones"). [Record Document 25]. This motion seeks to have the Court declare that Jones is the beneficiary of a life insurance policy issued by the Plaintiff, Guardian Life Insurance Co. of America ("Guardian"), which legal conclusion requires the Court to find that Defendant Agnes Moore ("Moore") is not entitled to the proceeds of the contested policy. Moore has not opposed Jones's motion, nor has she contradicted any of the material facts set forth by Jones. For the reasons that follow, Jones's motion for summary judgment [Record Document 25] is **GRANTED**.

## BACKGROUND

Decedent Roman Moore ("Decedent") began working as a truck driver at Murphy Brothers in February of 2014. In May of 2014, Decedent enrolled in a Guardian group life insurance plan ("the policy"), governed by the Employee Retirement Income Security Act, which Murphy Brothers offered to eligible employees. The Decedent selected $100,000 of life insurance coverage and designated Jones, who is the mother of five of the Decedent's

children, as the beneficiary of the policy.[1]  The Guardian policy became effective in June. On September 24, 2014, the Decedent died following a motor vehicle accident.

In October of 2014, Guardian received a claim form from Moore, the Decedent's mother, in which Moore sought all death benefits payable under the policy.  In December, Guardian received a claim form from Jones, in which Jones sought all death benefits payable under the policy. Jones and Moore both claim to be the rightful beneficiary of the policy proceeds.

Guardian filed a Complaint for Interpleader, Declaratory Judgment, and Injunctive Relief in this Court.  The Court permitted Guardian to deposit the life insurance proceeds- a sum of $101,863.00- into the registry of the Court.  This amount represents the death benefits payable under the Guardian policy, as well as interest from the date of the Decedent's death.   Thereafter, pursuant to separate agreements with the Defendants, Guardian was dismissed from this suit [Record Documents 17 & 33], leaving Jones and Moore as the remaining parties to this litigation.

Jones filed the instant motion seeking to be declared the rightful beneficiary of the Guardian policy's death benefits.  As previously mentioned, Moore has not opposed that motion.  In fact, the only substantive document filed by Moore is her Answer, in which she avers the following:  (1) that Jones is not the proper beneficiary; (2) that the beneficiary form was not properly completed; (3) that the designation of Jones as beneficiary was due to mistake or error and is without effect; (4) when the Decedent executed the beneficiary

---

[1]At the time of his death, the Decedent was living with Jones, although the two were not married.

form, no beneficiary was named; (5) any designation of Jones as the beneficiary was made after the Decedent executed the form and was done by someone other than the Decedent; and (6) because no beneficiary was properly designated, the life insurance proceeds should be paid to Moore or the Decedent's children.[2]  Record Document 21, pp. 5-6.

## LAW AND ANALYSIS

In this case, Jones moves to dismiss "the claims" of Moore, alleging this Court lacks subject matter jurisdiction over this action, pursuant to Louisiana Civil Code articles 2315.1 and 2315.2.  The Court finds that Jones's argument is fundamentally misplaced.  At the crux of this case is a life insurance policy, which necessitates a determination of who the rightful beneficiary is under that policy.  Contrary to Jones's assertions, this case stems from neither article 2315.1, which governs survival actions, nor article 2315.2, which governs wrongful death actions.  To be plain, the question before the Court is _not_ who may recover in tort for the injuries or death suffered due to the fault of another.  In other words, this case does not question who may sue for the injuries the Decedant suffered in this case, nor does it question who may bring suit for his wrongful death.  Jones's reliance on articles 2315.1 and 2315.2 is misguided.

Aside from references to articles 2315.1 and 2315.2, Jones has not explained how or why this Court lacks subject matter jurisdiction.  Furthermore, the Court notes that while it may strike or dismiss affirmative defenses lodged in an Answer, Jones has not sought this form of relief.  Therefore, the Court declines Jones's invitation to dismiss Moore's

---

[2]  The Decedent had nine other children in addition to those he had with Jones.

"claims." However, as will be discussed in further detail below, this case is ripe for Jones's alternative relief-- summary judgment adjudication.

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence.  See id. at 322-323.

Once the movant carries its initial burden, it is incumbent upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996)(citations omitted).  If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue

---

[3] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

for trial." Wallace, 80 F.3d at 1047 (citations omitted).  This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1985)(citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986)(the court must "review the facts drawing all inferences most favorable to the party opposing the motion").

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried.  Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried."  All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."  Local Rule 56.2.

It is settled law in Louisiana that if life insurance proceeds are payable to a named beneficiary other than the decedent's estate, the proceeds are not considered part of the decedent's estate. See Am. Health & Life Ins. Co. v. Binford, 511 So. 2d 1250, 1253 (La. App. 2 Cir. 1987).  Indeed, "[t]he insurance proceeds do not come into existence during the life of the insured, never belong to him, and are passed by virtue of the contractual agreement between the insured and the insurer to the named beneficiary." Id.  Further,

Louisiana Revised Statute 22:912(A)(1) provides:

> The lawful beneficiary, assignee, or payee, including the
> insured's estate, of a life insurance policy or endowment policy,
> shall be entitled to the proceeds and avails of the policy
> against the creditors and representatives of the insured and of
> the person effecting the policy or the estate of either, and
> against the heirs and legatees of either person, and such
> proceeds and avails shall also be exempt from all liability for
> any debt of the beneficiary, payee, or assignee or estate,
> existing at the time the proceeds or avails are made available
> for his own use. . . .

La. R.S. 22:912(A)(1).  "In determining the beneficiary of a life insurance policy, it is

necessary to ascertain the intention of the deceased."  Occidental Life Ins. Co. of North

America v. Benoit, 2007-1164 (La. App. 3 Cir. 3/5/08); 978 So. 2d 558, 560 (citing

Commercial Life Ins. Co. v. Robinson, 95-186 (La. App. 5 Cir. 7/25/95), 662 So. 2d 486,

488-89).  To accomplish that task, courts must "give legal effect to all contracts and their

terms, including insurance policies, according to the true intent of the parties, and the

intent is to be determined by the words of the contract when they are clear and explicit

and lead to no absurd consequences."  Id.

In the instant case, the undisputed facts show that the Decedent enrolled in the

Guardian Voluntary Term Life Plan with a policy amount of $100,000.  Record Document

25-3.  The bottom of the policy form contains the handwritten name of the Decedent and

is dated May 29, 2014.   There is no dispute that the Decedent signed this form.  See

Record Document 21, pp. 5-6. The evidence in the record shows that the Decedent named

Jones as his beneficiary and designated her to receive 100% of the policy proceeds.

Record Document 25-4.  Moore's unsubstantiated assertions that Jones is not the "proper

beneficiary," that the beneficiary form was improperly executed, that the Decedent named Jones as the beneficiary due to mistake or error, or that someone other than the Decedent later named Jones as the beneficiary, are wholly without support and foundation.  These allegations are altogether conclusory and are not even plausible inferences that may be drawn from the evidence in the record.

Thus, the undisputed evidence demonstrates that Jones is the beneficiary of the policy.  Moore has submitted nothing to contradict that evidence or to cause the Court to question its ultimate conclusion.  Indeed, she has not disputed any of the material facts set forth by Jones, nor has she opposed the instant motion.  Against this backdrop, the Court has no trouble finding that summary judgment should be granted in Jones's favor.

## **CONCLUSION**

After careful consideration of the briefs and exhibits filed and for the foregoing reasons, the Court finds that there are no genuine issues of material fact precluding summary judgment in favor of the Jones.  Accordingly, **IT IS ORDERED** that Jones's motion for summary judgment [Record Document 25] be and is hereby **GRANTED.**  A judgment consistent with the instant memorandum order, as well as a disbursement order, shall issue herewith.

**THUS DONE AND SIGNED** this 26th day of January, 2016 in Shreveport, Louisiana.

_____
JUDGE ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT